SUSANNA STILLEY,

*vs.*

AMOR GRUBB.

*New Castle, Sept. T.,* 1833.

Under an Act of Assembly divorcing a wife from her husband, *a mensa et thoro,* and granting to the wife *all the rights, privileges and immunities of a feme sole,* the wife becomes competent to execute a release of land charged with an annuity bequeathed to her, under the will of a deceased husband, in lieu of dower.

By the release executed to the purchaser of the land charged with the annuity the complainant claimed the right to dower in the land, and released the same for a valuable consideration. *Held,* that she thereby precluded herself from claiming, against the purchaser, the annuity bequeathed to her in lieu of dower.

BILL IN EQUITY FOR ARREARS OF AN ANNUITY.—The complainant, the widow of Thomas Cartmell, deceased, became entitled under his will, in 1804, to an annuity of $40 bequeathed to her in lieu of dower, and charged (in part) upon certain real estate devised by the testator to Joseph Cartmell. The real estate was afterwards sold and conveyed to Parker Askew. The widow again intermarried with John Stilley, and was divorced from him, *a mensa et thoro,* by an Act of Assembly, passed Feb., 1812. While so divorced, on the 18th of March, 1816, the complainant executed a release of the annuity to Parker Askew, as the holder of the real estate charged with its payment. After the execution of such release the real estate was conveyed to Amor Grubb, the present defendant. This bill was filed to raise the arrears of the annuity out of the real estate. The answer relied upon the release as a defence.

The cause came before the Chancellor, at the Sept. T., 1833, for a hearing upon the bill, answer, exhibits and depositions. The sole question raised at the hearing was as to the validity and effect of the release. A copy of it is not found among the papers in the case.

*R. H. Bayard,* for the complainant.

The release is not a sufficient defence. In the *first* place, it applies only to the widow's dower, and not to the annuity given in lieu of dower. But, *second,* the complainant was at the time a *feme covert,* the wife of John Stilley, and was not competent to execute a release. The effect of a divorce is not to dissolve the bond of matrimony and to restore the wife to the capacities of a *feme sole,* but is only a separation from bed and board, and leaves her under the legal disabilities of marriage. 4 *Burns Ecc. Law,* 459 : *Co. Litt.* 32, *a.* 33, *b.* : 235, *a.* : *Lewis vs. Lee,* 10 *Eng. Com. Law Rep.* 84 : 3 *Barn & Cress,* 291 : *Litton vs. Litton,* 1 *P. Wms.* 543 : 3 *Atk.* 579.

*Wales* and *Read, Jr.*, for the defendant.

The Act of Assembly divorcing the complainant from her husband expressly grants to her the rights of a *feme sole.* This settles the question of her legal capacity to execute the release. With respect to the construction of the paper there can be no doubt. The complainant had no right of dower to be released. She had made her election of the annuity by becoming administratrix *c. t. a.* The bill itself alleges her acceptance of the annuity and the present claim stands on that ground. The paper executed to Parker Askew, could, as a release of the land, legally apply to nothing but the annuity. *Clancy on Mar. Wom.* 47, 48, 436. *Reeves on Dom. Rel.* 145. 1 *Bro. Ch. Rep.* 20.

JOHNS, JR., CHANCELLOR.—The Act of Assembly divorcing the complainant, Susanna Stilley, from her husband, John Stilley, *a mensa et thoro*, also confers upon her all the rights, privileges and immunities of a *feme sole.* This being her situation, I am of opinion that she had a right to execute all legal instruments necessary for the management of her property ; and, as it appears from the release that she claimed her right of dower in the land held by the defendant, and for a valuable consideration, to wit, the sum of $100, released the same, by her so doing she has precluded herself from claiming, as against the purchaser, the annuity which was bequeathed to her in lieu of dower.

The bill is therefore dismissed, with costs.